**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MICHAEL A. PERO, III,           :
                                                Civil Action No. 04-5927 (JAP)
       Petitioner,     :

       v.                        :    **OPINION**

WARDEN JOHN DUFFY, et al.,      :

       Respondents.    :

**APPEARANCES:**

Petitioner <u>pro se</u>
Michael A. Pero, III
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

Counsel for Respondents
Annmarie Cozzi
Bergen Co. Prosecutor's Ofc.
Bergen Co. Justice Center
Hackensack, NJ 07601

**PISANO**, District Judge

    By Opinion and Order entered June 27, 2006, this Court denied without prejudice Petitioner's application for a writ of habeas corpus. This matter is before the Court pursuant to Petitioner's Motion [31] for an extension of time to file an appeal, which is deemed filed on August 26, 2006, sixty days after entry of the Order denying the Petition.

I.  DISCUSSION

Petitioner states that he received his service copy of this Court's Opinion and Order on June 29, 2006, and that he "immediately" wrote to the Federal Public Defender's Office "requesting legal assistance and for them to undertake representation of [him] in this matter." He received a response from the Federal Public Defender's Office on August 7, 2006, explaining that the office could not represent him without an appointment from the federal court and giving him certain instructions as to how to appeal. Petitioner began compiling the papers for his appeal on August 8, 2006 and completed them on August 26, 2006. Petitioner states that he is allowed one hour of law library time per weekday and that, in the period between his receipt of this Court's Opinion and Order and the submission of his Motion, he was relocated within the Northern State Prison to a different housing unit, which caused "great difficulty" in compiling his papers.

Federal Rule of Appellate 4(a)(5) provides, in pertinent part:

> (A) The district court may extend the time to file a notice of appeal if:
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>     (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5).

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal "must be filed with the district clerk within 30 days of entry of the judgment or order appealed from is entered."  See also Browder v. Dir., Illinois Dept. of Corrections, 434 U.S. 257, 264 (1978).  In computing the filing date, intermediate Saturdays, Sundays, and legal holidays are included in the computation; a Saturday, Sunday, or legal holiday that is the last day of the period is not included.  See Fed.R.App.P. 26(a)(2); Jones & Laughlin Steel Corp. v. Gridiron Steel Co., 382 U.S. 32 (1965).  When the petitioner is a prisoner appearing pro se, the notice of appeal is considered filed at the time the petitioner delivers it to prison authorities for forwarding to the district court clerk.  Houston v. Lack, 487 U.S. 266, 276 (1988).

As Petitioner's Motion was filed 60 days after entry of the Opinion and Order from which he wishes to appeal, the Motion is timely.  Because the Motion is timely, this Court next must turn to the second prong of Rule 4(a) -- whether Petitioner has demonstrated excusable neglect or good cause.

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault -- excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990) (quoted by Fed.R.App.P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments).

Here, Petitioner fails to allege any facts that would demonstrate "good cause" for failure to file a timely notice of appeal. That is, Petitioner fails to allege any external event or force that prevented him from filing his notice of appeal. He had daily access to the law library, and a notice of appeal is a simple document that does not require the collection of supporting documentation or preparation of briefs. Cf. Iannace v. Rogers, 2006 WL 2038492 (D.N.J. 2006) (holding that the petitioner there demonstrated a compelling reason for delay as he was prevented from accessing the mails). Thus, this Court must now determine whether Petitioner has demonstrated "excusable neglect."

The Court of Appeals for the Third Circuit has held that excusable neglect under Rule 4(a)(5) is to be examined using the test outlined by the Supreme Court of the United States in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). In re Diet Drugs Products Liability Litigation, 401 F.3d 143, 153 (3d Cir. 2005). In Pioneer, the Supreme Court set forth the following factors for lower courts' consideration: (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for

4

delay (including whether it was within reasonable control of the movant); and (4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395.

    In the present circumstances, there appears to be little to no danger of prejudice to the Respondents.  The issues presented are primarily legal ones, and there appears to be no danger of lost evidence or witnesses.[1]  Nor is there any reasons to suspect that Respondents have taken any action in reliance on the Opinion and Order which would be prejudice by allowance of a late appeal.

    The length of delay is minimal.  The Motion was filed within the 60 days contemplated by the rules.

    The reasons for delay are not excusable.  Although he had daily access to the prison law library, Petitioner waited to begin working on a notice of appeal or motion for extension of time until his efforts to obtain counsel had proven unsuccessful. Cf. Avery v. Hendricks, 2006 WL 2627945 (D.N.J. 2006) (legal services are not needed to prepare notice of appeal, and there is no excusable neglect where the petitioner had access to a law library).

    Finally, Petitioner's failure to make any effort to prepare a notice of appeal or motion for extension of time until after

---

[1] This Court does not consider the lack of opposition from the Respondents, as Petitioner's Notice of Appeal does not indicate that it has been served on Respondents.

the deadline for filing the notice had passed demonstrates an absence of good faith.

In reviewing all the circumstances, this Court finds no good cause or excusable neglect to justify granting an extension of time to file a notice of appeal.

## II.   CONCLUSION

For the reasons stated herein, the Motion for extension of time to file a notice of appeal must be denied.  An appropriate order follows.


Date: November 13, 2006                /s/ JOEL A. PISANO
                                       United States District Judge